## THE ATLAS LUMBER CO., APPELLANT, v. SCHENCK, APPELLEE.

PROOF WANTING, JUDGMENT REVERSED.

In an action for goods sold, the defendant set up as a defense that in the purchase he acted merely as the agent of other parties, but on the trial failed to introduce evidence in support of the pleading. *Held*, on appeal from a judgment in his favor, that it should be reversed, and further, that a reversal upon this ground does not violate the familiar rule that this court will not disturb a verdict rendered upon conflicting evidence.

*Appeal from the District Court of Logan County.*

Mr. S. A. BURKE, Messrs. BENEDICT & PHELPS and Mr. HENRY C. CHARPIOT, for appellant.

Mr. W. L. HAYS, for appellee.

BISSELL, J., delivered the opinion of the court.

This action concerns the purchase price of a lot of lumber said to have been sold by the Atlas Lumber Company to Schenck, the appellee. The complaint contained the requisite averments of an action for goods sold and delivered. While the answers denied the cause of action as stated, the real defense was contained in the affirmative plea that the goods were bought by Schenck as the agent of R. L. and Angie Rowden. It appeared that in the latter part of 1888 and early in 1889, Schenck was building two houses in the town of Sterling, one for himself and the other by contract for the Rowdens. It is unnecessary to state the terms of his agreement with the Rowdens, further than to say that, in general, the contract was to build the house for so much money. It was completed. Before proceeding with the building, Schenck entered into negotiations with the lumber company for the material necessary to the structures. There is no dispute concerning the terms on which he bought the lumber for his own house. The only controversy is as to what was used in building the house for the Rowdens. It is not denied that credit was not asked as to that material, further than it was agreed between Schenck and the lumber company that they should have $100 out of the first payment, $300 out of the second, and the balance out of the subsequent payments to be made by Rowden. It was Schenck's contention, as to the Rowdens' supplies, that he acted as their agent; and the sale was in reality made to them, and not to him. Unless the agency be conceded, the recovery cannot be sustained. Schenck entirely failed to support his pleading. He offered no evidence whatever of his agency, nor of any such ratification of his acts by the Rowdens as would make them liable as upon an original appointment. The only dealings which he had with them were those which resulted in the contract to build the house at a certain price. They did not authorize him to purchase materials on their account, nor to transact any business for them or in their

name.   In his transactions with the lumber company there was a like absence of all the elements of agency.   He bought the materials himself, he did not attempt to make any bargain on behalf of the Rowdens, nor did he have the goods charged to them at the time of their delivery.   The only evidence which he offered that in any wise bore upon this proposition was the delivery to the lumber company of orders on the Rowdens for some of the moneys which might become due him under his contract with them.   This did not establish an agency, and can hardly be said to have tended in that direction.   To reverse the case on this ground does not violate the well-established rule of this court to uphold the verdict of the jury when it is rendered upon conflicting testimony.   It is simply a case in which there was no evidence to establish a proposition which must be proved in order to support the defense as pleaded.   For these reasons the judgment entered upon the verdict must be reversed, and the cause remanded for a new trial in conformity with this opinion.

*Reversed.*